**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-768C

(Filed: August 2, 2017)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| KEVIN KEMPER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | **FILED** <br> AUG - 2 2017 <br> U.S. COURT OF <br> FEDERAL CLAIMS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kevin Kemper, *pro se*, Phoenix, Arizona.

Richard Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Kevin Kemper, brings suit to allege a breach of contract and fraud by the United States ("the government"), acting through the United States Department of Veterans Affairs ("VA"). Mr. Kemper alleges that the VA agreed to assist him in finding a volunteer employment position and to compensate him for such volunteer work, but failed to fulfill those obligations. He consequently seeks damages for the VA's alleged breach of contract and fraudulent conduct. Pending before the court is the government's motion to dismiss Mr. Kemper's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons stated, the government's motion is granted.

## BACKGROUND

Mr. Kemper filed suit in this court on May 25, 2017. *See generally* Compl. According to Mr. Kemper, he contacted the Vocational Rehabilitation and Employment office within the VA

7017 1450 0000 1346 3042

after learning through the VA website that the office could provide assistance in his search for employment. Compl. at 4-5. He then allegedly agreed to a contract with a counselor in that office, whereby the counselor would help Mr. Kemper find a three-month volunteer position and compensate Mr. Kemper for that volunteer work. Compl. at 6. Mr. Kemper alleges that he thereafter declined a volunteer position that was "not viable," and was subsequently removed from the vocational rehabilitation program. Compl. at 5-6. The VA notified Mr. Kemper of his removal from the program on September 8, 2015, and also informed him of his right to request an administrative review of that decision. Def.'s Mot. to Dismiss, App. ("Def.'s App.") at A9 to A10 (Letter from John R. Arnett, Rehabilitation Counselor, VA to Kevin Kemper (Sept. 8, 2015)), ECF No. 7.

Mr. Kemper consequently claims that the VA breached its contractual obligations to find him a volunteer position and provide him with three months' payment. Compl. at 6-7. He further asserts that the VA fraudulently stated that it "did none of the services included on [its] website." Compl. at 6. He requests $1,900 in compensatory damages and $10,000 in punitive damages. Compl. at 7.[1]

## STANDARD FOR DECISION

As plaintiff, Mr. Kemper has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded to a *pro se* litigant with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with any substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

---

[1]Mr. Kemper also filed suit in the United States District Court for the District of Arizona on February 6, 2017. Compl., *Kemper v. United States Dep't of Vocational Rehab.*, No. 17-375 (D. Ariz. Feb. 6, 2017). In an amended complaint in that court, filed on March 1, 2017, Mr. Kemper raised allegations against the VA but did not refer to or address his alleged interactions with the Vocational Rehabilitation and Employment office. *See generally* First Am. Compl., *Kemper v. United States Dep't of Vocational Rehab.*, No. 17-375 (D. Ariz. Mar. 1, 2017). Acting pursuant to 28 U.S.C. § 1915(e)(2), the district court dismissed his amended complaint after finding that it did not state a claim upon which relief could be granted or establish a basis for subject matter jurisdiction. Order, *Kemper v. United States Dep't of Vocational Rehab.*, No. 17-375 (D. Ariz. Mar. 9, 2017). The United States Court of Appeals for the Ninth Circuit dismissed Mr. Kemper's appeal of the dismissal as frivolous. Order, *Kemper v. United States Dep't of Vocational Rehab.*, No. 17-15523 (9th Cir. June 13, 2017).

## ANALYSIS

Although Mr. Kemper characterizes his claim against the VA as a breach of contract, his claim is instead based upon his status as a veteran and the benefits allegedly owed to him by the VA. *See Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, '[the court] look[s] to the true nature of the action in determining the existence or not of jurisdiction.'") (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)); *Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 399 (2017) (noting that plaintiff's alleged breach of contract claim against the VA was instead a claim for allegedly wrongful denial of benefits), *appeal filed*, No. 17-1915 (Fed. Cir.). Such allegations regarding the denial of benefits by the VA fall outside the jurisdiction of this court. *See, e.g., Prestidge v. United States*, 611 Fed. Appx. 979, 982-83 (Fed. Cir. 2015); *Kalick v. United States*, 109 Fed. Cl. 551, 556-57 (2013), *aff'd*, 541 Fed. Appx. 1000 (Fed. Cir. 2013). Congress has set forth a "comprehensive statutory scheme spelling out the administrative and judicial processes that must be followed in order to obtain review of decisions by the [VA]." *Jackson v. United States*, 80 Fed. Cl. 560, 567 (2008). A provision of the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991) (codified at 38 U.S.C. § 511), states that "[t]he Secretary [of the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). If an individual receives an adverse decision from the Secretary, the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (codified at 38 U.S.C. §§ 7251-99), establishes the statutory route that such individual must follow to seek review of the decision. That route includes appeals to the Board of Veterans Appeals, 38 U.S.C. § 7104, the Court of Appeals for Veterans Claims, 38 U.S.C. § 7252(a), and the Federal Circuit, 38 U.S.C. § 7292(c). The Court of Federal Claims has no place in this statutory regime. The court therefore lacks jurisdiction over Mr. Kemper's claim that the VA allegedly failed to provide him with particular benefits in his search for volunteer employment.

Additionally, the court does not have jurisdiction over Mr. Kemper's fraud claim because such an allegation is based in tort. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).[2]

Accordingly, the court lacks jurisdiction over Mr. Kemper's claims. Dismissal is appropriate pursuant to 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time" upon determining that the action, among other things, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Taylor v. United States*, 568 Fed. Appx. 890, 891 (Fed. Cir. 2014) (explaining that a court "is required to dismiss a frivolous complaint from a litigant who is proceeding *in forma pauperis*") (citing 28 U.S.C. § 1915(e)(2)(B)); *Grant v. United States*, 129 Fed. Cl. 790, 792 (2017) (noting that the court must dismiss an action when the conditions of 28 U.S.C. § 1915(e) are satisfied, "[r]egardless of whether the filing fee [was] paid or waived") (citations omitted).

---

[2]Mr. Kemper also requests punitive damages, Compl. at 7, but the court does not have jurisdiction to grant such a request, *see Bussie v. United States*, 96 Fed. Cl. 89, 96 (2011) (citations omitted), *aff'd*, 443 Fed. Appx. 542 (Fed. Cir. 2011).

3

## CONCLUSION

For the reasons stated, the government's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge